UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL RODRIGUEZ,

                Petitioner,

- against -

CYRUS VANCE, JR., District Attorney, New York County,

                Respondent.

REPORT AND RECOMMENDATION

12 Civ. 5418 (LAP) (RLE)

To the HONORABLE LORETTA A. PRESKA, U.S.D.J.:

## I. INTRODUCTION

*Pro se* Petitioner Daniel Rodriguez ("Rodriguez") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted of murder in the second degree, (New York Penal Law ["Penal Law"] § 125.25 [3]), robbery in the first and second degrees, (Penal Law §§ 160.15 [4], 160.10 [1]), and criminal possession of a weapon in the second and third degrees, (Penal Law §§ 265.03 [1] [b], 265.02 [4]). Before the Court are motions by Rodriguez to: (1) amend his original Petition to add a claim of ineffective assistance of counsel and (2) stay consideration of his Petition to allow him to exhaust his state court claims.

For the reasons stated below, I recommend that both motions be **DENIED**.

## II. BACKGROUND

Rodriguez filed his Petition on July 5, 2012. In the Petition, he argued that the State had deprived him of due process by knowingly presenting "tailored testimony" at trial. On November 20, 2012, he filed his motion to amend, seeking to include claims contained in a petition for a writ of error *coram nobis* pending in state court. The *coram nobis* petition alleges that Rodriguez was deprived of his due process right to effective assistance of appellate counsel

because appellate counsel did not argue on direct appeal that the State presented "tailored testimony," and that both trial and appellate counsel had failed to recognize the "egregious conduct" of the State. Rodriguez explains that he did not include the proposed claims in his original Petition because they had not yet been exhausted in state court.

On December 11, 2012, Rodriguez filed a motion in New York County Supreme Court to vacate his conviction pursuant to § 440.10 of the New York Criminal Procedure Law ("CPL"). That same day, he asked that the instant habeas petition be stayed while he exhausted the § 440.10 motion. In his § 440.10 motion, Rodriguez alleges that he has (1) newly discovered evidence that calls into question whether detectives had probable cause for his arrest or, in the alternative, (2) an ineffective assistance of counsel claim because counsel failed to call a potential witness. Rodriguez contends that if the state court does not grant relief on the § 440.10 motion, he intends to amend his habeas petition to include the claims raised therein. He indicates that he has filed the § 440 motion at this time because (1) the potential witness has only recently come forward after being incarcerated, and (2) he needed time to consult with counsel concerning the legal remedies to be pursued.

## II. DISCUSSION

### A.    Rodriguez's Motion to Amend

When a petition for a writ of habeas corpus is pending and has not been decided on the merits, a motion to amend is governed by Federal Rule of Civil Procedure 15(a). *Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir. 2001). Rule 15(a) provides that leave to amend "be freely given," but a court may deny a motion when the proposed claim would be futile. *Jones v. New York State of Military Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999).

Claims of ineffective assistance, including against appellate counsel, are governed by the

standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). A petitioner must show that "counsel's representation fell below an objective standard of reasonableness," which measures the attorney's performance by "prevailing professional norms." *Strickland*, 466 U.S. at 687-88. Reasonable strategic choices made by counsel are unchallengeable. *Id.* at 690. In addition to showing that a decision was unreasonable, a petitioner "must demonstrate that there was a reasonable probability that his claim would have been successful before the state's highest court." *Wynder v. Smith*, No. 09 Civ. 4541 (LAP)(JLC), 2011 WL 70556, at *13 (S.D.N.Y. Jan. 10, 2011) (*citing Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994)). Courts are not required to address both elements if the petitioner "makes an insufficient showing in one." *Wynder*, 2011 WL 70556, at *13; *accord Strickland*, 466 U.S. at 697.

Rodriguez's ineffective assistance of trial counsel claim is unexhausted. He did not argue at trial or on direct appeal that the prosecution had admitted "tailored testimony." Even though Rodriguez raises a claim of "tailored testimony" before the state courts in a petition for writ of error *coram nobis*, that does not fairly present his claim of ineffective assistance of trial counsel before the state courts because a writ of error *coram nobis* is not the proper procedure for raising such a claim. *See Turner v. Artuz*, 262 F.3d 118, 123 (2001).

Rodriguez argues that both trial and appellate counsel failed to argue that the State presented "tailored testimony." In essence, he is challenging counsel's decision about which legal issues to pursue. The New York Court of Appeals has noted, however, that "it is the prerogative of counsel, not the client, to decide what issues should be raised on appeal." *People v. White*, 73 N.Y.2d 468, 478 (N.Y. 1989). A defendant retains authority over certain decisions, such as "whether to plead guilty, waive a jury trial, testify in his or her own behalf or take an

appeal." *Id.* Other issues, however, fall within the strategic discretion of counsel. An attorney has not provided ineffective assistance for failing to raise a claim, even if the claim at issue could have been successful on appeal. *Id.*; *see also Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000) ("[C]ounsel does not have a duty to advance every nonfrivolous argument that could be made."). Appellate counsel will often "winnow out weaker arguments on appeal and focus on one central issue if possible, or at most on a few key issues." *Id.*

During the state court proceedings, Rodriguez's representation did not omit "significant and obvious issues while pursuing issues that were clearly and significantly weaker." 214 F.3d at 322. His claim of "egregious conduct" on the part of appellate and trial counsel in allowing "patently tailored testimony" therefore does not constitute ineffective assistance of counsel. In contrast, "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976) (internal citations omitted). A habeas petitioner may establish relief on this basis if he can demonstrate that: (1) testimony was false; (2) the State was aware that the testimony was false; and (3) the false testimony "could have affected the judgment of the jury." *Id.* What Rodriguez characterizes as "tailored testimony" does not meet this standard.

Appellate counsel raised several arguments challenging Rodriguez's conviction, all of which remain in his Petition. Rodriguez cannot show that appellate counsel's decision not to pursue the particular claims he now wishes to assert rendered counsel's representation ineffective, as the new claims are not so significant that counsel was required to raise them on appeal. *See Sable v. Artus*, No. 09 Civ. 7242 (WHP) (GWG), 2010 WL 3719270 (S.D.N.Y. Sept. 23, 2010), *Report and Recommendation Adopted*, No. 09 Civ. 7242 (WHP), 2012 WL

92285 (S.D.N.Y. Jan. 11, 2012). Thus, Rodriguez's proposed ineffective assistance of appellate and trial counsel claims are futile, and his motion to amend should be **DENIED**.

### B.   Rodriguez's Motion to Stay

A habeas petition may be stayed to allow exhaustion of claims in state court if the petitioner can demonstrate that: (1) good cause exists for failing to exhaust the claims previously; (2) the claims are not plainly meritless; and (3) the petitioner did not intentionally engage in dilatory tactics. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Chambers v. Conway*, No. 09 Civ. 2175 (JGK), 2010 WL 1257305, at *1 (S.D.N.Y. Mar. 29, 2010). Because Rodriguez fails to show good cause and his proposed § 440 motion lacks merit, his motion to stay should be **DENIED**.

In his state court motion, Rodriguez alleges that newly discovered evidence calls into question the basis for probable cause in his arrest. In the alternative, he alleges ineffective assistance of trial counsel for failing to subpoena Avery White as a witness in a pretrial suppression hearing. Although there are circumstances where a court may stay a mixed petition containing exhausted and unexhausted claims in order to allow the petitioner to exhaust his state remedies, this is not an appropriate circumstance. *See Zarvela v. Artuz*, 254 F.3d 374, 281 (2d. Cir. 2001). In the present case, Rodriguez is asking the Court to stay his Petition to allow him to exhaust new state court claims not included in the Petition.

Even if the Court were to allow Rodriguez to amend the Petition to include the new state court claims, Rodriguez fails to show good cause for failing to exhaust these claims previously. He claims that White, who has only recently come forward, can attest to circumstances surrounding his arrest. Because underlying facts of the motion are based on the arrrest, Rodriguez should have raised the issue on direct appeal. Moreover, the alleged facts concerning

the ineffective assistance of trial counsel claim occurred during trial. Therefore, when Rodriguez exhausted claims of ineffective assistance of counsel on direct appeal, he could have argued the same claim based on failure to obtain White's affidavit. On direct appeal, Rodriguez had accused trial counsel of ineffective assistance on several grounds. He could have included failure to subpoena White as one of those grounds.

CPL § 440.10(1)(g) provides that a court may vacate a defendant's judgment of conviction upon the ground that:

> New evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which *could not* have been produced by the defendant at the trial *even with due diligence* on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant; provided that a motion based upon such ground must be made with due diligence after the discovery of such alleged new evidence.

(emphasis added). The basis for these proposed new claims, however, have always been evident from the state court record, since both detectives testified that prior to arrest Rodriguez was with an African-American man. A "state court judge . . . must dismiss a [§ 440 motion] if it is based on a record-based claim that could have been raised on direct appeal." *Chambers*, 2010 WL 1257305, at *1 (*citing* N.Y. Crim. Proc. Law § 440.10(2)(c)).

Moreover, "even if a petitioner had good cause for [his] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Rodriguez has not shown the grounds for his proposed § 440 motion have merit. "Newly-discovered evidence in order to be sufficient must . . . not be merely impeaching or contradicting the former evidence." *People v. Tankleff*, 49 A.D.3d 160, 179 (2d Dep't 2007). White's affidavit fails to meet this standard since the proposed testimony would do no more than directly contradict or impeach the mutually

corroborative testimony of the two police detectives.

More importantly, Rodriguez has no basis to stay his petition because he seeks to exhaust a claim that cannot be raised in this Court. Rodriguez's claim of newly discovered evidence concerns whether detectives had probable cause to arrest, but such claims may not be reviewed by this Court. The Supreme Court in *Herrara v. Collins*, 506 U.S. 390, 400 (1993), affirms that "newly discovered evidence ha[s] never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." This rule rests on the principle that "federal habeas corpus courts sit to ensure that individuals are not in prison in violation of the Constitution, not to correct errors of fact." *Sacco v. Greene*, No. 04 Civ. 2391 (CLB), 2007 WL 432966, at *2 (S.D.N.Y. Jan. 30, 2007) (*quoting Townsend v. Sain*, 372 U.S. 293, 313 (1963)). Rodriguez would also fail to meet the "extraordinarily high burden" that is necessary to show "a truly persuasive demonstration of innocence" which would warrant federal habeas relief. *Herrera*, 506 U.S. at 417.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Rodriguez's motion to amend his Petition be **DENIED** because the proposed amendment is futile. In addition, the motion to stay these proceedings is **DENIED**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Loretta A. Preska, 500 Pearl Street, Room 2220, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District

Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: June 5, 2013**
**New York, New York**

Respectfully Submitted,

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

COUNSEL FOR PETITIONER
Jonathan I. Edelstein
Edelstein & Grossman
271 Madison Avenue, 20th Floor
New York, NY 10016

COUNSEL FOR RESPONDENT
Christopher P. Marinelli
New York County District Attorney's Office
1 Hogan Place
New York, NY 10013