UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :

DANIEL RODRIGUEZ,              :     12 Civ. 5418 (LAP)
                                      :
         Petitioner,         :     MEMORANDUM & ORDER
                                      :     ADOPTING REPORT &
                                      :     RECOMMENDATION
       v.                       :
                                      :
CYRUS VANCE, JR., District     :
Attorney, New York County,     :
                                      :
         Respondent.         :
                                      :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-3-15

LORETTA A. PRESKA, Chief U.S.D.J.:

     Daniel Rodriguez ("Petitioner"), proceeding pro se, filed a
writ of habeas corpus under 28 U.S.C. § 2254, seeking relief
from his 2007 conviction.  (Petition for Writ of Habeas Corpus,
dated July 5, 2012 ("Petition") [dkt. no. 1].)  After a jury
trial in New York State Supreme Court, Rodriguez was convicted
of second degree murder in violation of N.Y. Penal Law
§ 125.25[3], robbery in the first and second degree in violation
of N.Y. Penal Law §§ 160.15[4], 160.10[1], and criminal
possession of a weapon in the second and third degree in
violation of N.Y. Penal Law §§ 265.03[1][b], 265.02[4].  (Id. at
1.)  He was also convicted after pleading guilty to criminal
possession of a controlled substance in the third degree in
violation of N.Y. Penal Law § 220.16.

On September 12, 2014, Magistrate Judge Ronald L. Ellis issued a Report and Recommendation in which he recommended that the Petition be dismissed.  (Report and Recommendation, dated Sept. 12, 2014 ("Report") [dkt. no. 33].)  Subsequently, Petitioner filed an Objection to the Report.  (Objection to the Report & Recommendation of the Hon. Ronald L. Ellis, dated May 14, 2015 ("Objection") [dkt. no. 36].)  For the reasons set forth below, this Court find the Objection to be without merit and adopts the Report and Recommendation in its entirety.

## APPLICABLE LAW

On federal habeas review, the Court reviews a magistrate judge's recommendation to which objections have been filed de novo.  FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  As Petitioner is proceeding pro se, the Court shall construe his submissions "liberally, 'to raise the strongest arguments that they suggest.'"  Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (quoting Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001)).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts may not grant a state prisoner's petition for habeas corpus if the petitioner has failed to exhaust all state judicial remedies or if the state court's denial of his underlying claims rested on an independent and adequate state ground, including failure to preserve a claim for

2

state appellate review. See 28 U.S.C. §2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). If a claim fails to meet this procedural requirement, the Court will only consider its merits if the petitioner can either show both cause for his procedural default and prejudice resulting from the alleged constitutional error or "demonstrate that failure to consider the claim will result in fundamental miscarriage of justice." Id. at 750.

Even where a claim is not procedurally barred, AEDPA also limits federal courts' ability to issue a writ of habeas corpus to circumstances in which a state adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). Here, Petitioner's Objection focuses on his constitutional right to an impartial jury. To claim juror bias sufficient to set aside a jury verdict on habeas review, a petitioner must establish the "actual existence" of such bias. Murphy v. Florida, 421 U.S. 794, 799, 800 (1975) (quoting Irvin v. Dowd, 366 U.S. 717, 723 (1961)). A post-trial hearing "in which the defendant has the opportunity to prove actual bias" is the appropriate "remedy for allegations of juror partiality." Smith v. Phillips, 455 U.S. 209, 215 (1982). Under 28 U.S.C. 2254(e)(1), federal courts must give

3

state court findings of fact in such a post-trial hearing "a

presumption of correctness," Rushen v. Spain, 464 U.S. 114, 120

(1983); however, a petitioner may rebut this presumption by

offering clear and convincing evidence of actual bias.  See

Sumner v. Mata, 449 U.S. 539, 551 (1981).  Nonetheless, though

state courts should conduct post-trial hearings to determine

juror prejudice or impartiality, on federal habeas review "[t]he

final decision whether the alleged constitutional error was

harmless is one of federal law."  Rushen, 464 U.S. at 120.

The Supreme Court has outlined a two-part test for setting

aside a verdict based on juror nondisclosure or misstatement: "a

party must first demonstrate that a juror failed to answer

honestly a material question in voir dire, and then further show

that a correct response would have provided a valid basis for a

challenge for cause.  The motives for concealing information may

vary, but only those reasons that affect a juror's impartiality

can truly be said to affect the fairness of a trial."  McDonough

Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556 (1984).

Challenges for cause have traditionally been categorized as

actual bias and implied bias.  United States v. Torres, 128 F.3d

38, 43 (2d Cir. 1997).[1]  Actual bias occurs when a juror's state

---

[1] Although the Court of Appeals in Torres also recognized a third category of
"inferred bias," the Supreme Court has not clearly adopted this principle,
and habeas relief is accordingly unavailable for a misapplication of that
particular legal doctrine by a state court.  See Torres, 128 F.3d 38, 47; 28
U.S.C. § 2254(d)(1).

of mind implies that she will not act with impartiality.  Id.
Implied bias arises when "an average person in the position of
the juror in controversy would be prejudiced" and only appears
in exceptional circumstances.  Id. at 45.[2]

## DISCUSSION

For purposes of this order, the Court presumes familiarity
with the relevant facts and procedural history and incorporates
the Report and Recommendation's summary for this background.
(See Report at 3-9.)

Regarding the substance of the Petition, Magistrate Judge
Ellis concluded that four of Petitioner's eight claims were
procedurally barred.  (See Report at 10-13.)  Petitioner did not
raise any objection to this finding, and upon de novo review,
the Court concludes that Petitioner failed to preserve his
claims before the state trial court concerning tailored
testimony by a prosecution witness, failure to instruct the jury
on his justification defense, erroneous admission of evidence,
and failure to probe a juror who expressed dissatisfaction with
trial procedure.  See People v. Rodriguez, 922 N.Y.S.2d 384
(N.Y. App. Div. 1st Dept. 2011).  Accordingly, the Appellate
Division's rejection of these claims rested on an independent

---

[2] Justice O'Connor has further described the specific exceptional situations
that constitute implied bias: when a "juror is an actual employee of the
prosecuting agency, that the juror is a close relative of one of the
participants in the trial or the criminal transaction, or that the juror was
a witness or somehow involved in the criminal transaction."  Smith, 455 U.S.
at 222 (O'Connor, J., concurring).

5

and adequate state law ground of failure to preserve objections for appellate review.  See Coleman, 501 U.S. at 731-32.  Because Petitioner has not raised any evidence of cause and prejudice or miscarriage of justice sufficient to overcome the resulting procedural bar, these claims cannot form the basis for habeas relief.  See id. at 750.

With respect to the remaining claims, which Petitioner successfully exhausted, this Court agrees with Magistrate Judge Ellis's conclusion that each lacks merit.  Petitioner received a full and fair opportunity to raise his Fourth Amendment challenge, Stone v. Powell, 428 U.S. 465, 482 (1976), and in any event, the state court's conclusion that there was sufficient probable cause to arrest Petitioner and that the arresting officers were entitled to search him incident to that arrest is not contrary to federal law.  See Rodriguez, 922 N.Y.S.2d at 385-86; United States v. Robinson, 414 U.S. 218, 235 (1973).  Moreover, Petitioner's ineffective assistance of counsel claims are unconvincing because his trial counsel was reasonable in declining to seek dismissal of a juror who had not demonstrated sufficient bias to justify dismissal, was reasonable in declining to request a justification charge that the Court had already concluded was meritless for Petitioner's codefendant, and offered reasonable arguments against admission of evidence. See Strickland v. Washington, 466 U.S. 668, 687-91 (1984).

Petitioner's only objection to the Report and
Recommendation concerns his claim of juror misconduct.
Specifically, Petitioner objects to Magistrate Judge Ellis's
finding that the trial court did not err in denying a motion to
set aside the verdict after a juror failed to disclose her past
association with the New York County District Attorney's office
and expressed her personal feelings for the prosecutor during a
post-trial hearing.  (See Objection.)  Petitioner alleges in his
habeas petition and in his objection that according to C.P.L.
§330.30(2) and his constitutional right to an impartial jury,
the verdict should be set aside because juror misconduct "may
have affected a substantial right of the defendant . . . which
was not known to the defendant prior to the rendition of the
verdict."  (Id. at 2 (quoting C.P.L. § 330.30(2))).  This Court
finds the Objection unpersuasive and agrees with the Report and
Recommendation's conclusion that Petitioner's juror misconduct
claim is meritless.

Three main arguments may be gleaned from the Petitioner's
many points in his Objection.  First, Petitioner argues that his
right to have a voice in jury selection was violated.  Second,
he claims that the juror in question was unfit because she
intentionally lied during voir dire.  Third, Petitioner asserts
that the juror was not impartial because she expressed personal

feelings for the Assistant District Attorney in a post-trial hearing.

Petitioner's first argument, that the trial court violated his right to participate in jury selection when declining to grant a new trial after a juror failed to disclose her past internship with District Attorney's office during voir dire, is without merit.  Petitioner alleges that the juror would never have been selected if this information had been available at the outset of trial and the juror's deception therefore violated Petitioner's right to select his jury "knowingly [and] intelligently."  (See Objection at 3.)  Although truthful juror answers in voir dire are important in providing an impartial jury, the Supreme Court has recognized that defendants have a right to a fair trial, "but a not perfect one" and that jurors may give "mistaken, though honest answers."  McDonough, 464 U.S. at 553, 555 (quoting Brown v. United States, 411 U.S. 223, 231-32 (1973)).  Moreover, the trial court here provided Petitioner with the opportunity to prove the juror's prejudice and set aside the verdict during a post-trial hearing – the recognized remedy to determine juror impartiality - but Petitioner failed to demonstrate actual bias during that hearing.  (See Post Trial Hearing Tr., dated Sept. 18, 2007.)  See Smith, 455 U.S. at 215.  Accordingly, Petitioner's first objection is unavailing.

Petitioner's second argument, that the juror at issue was unfit because she lied, proves similarly unconvincing. Petitioner cites Dyer v. Calderon, 151 F.3d 970, 983 (9th Cir. 1998) to demonstrate the prejudice implicit in "[a] juror who tells major lies" because once a juror has lied "[h]ow can someone who herself does not comply with the duty to the truth stand in judgement of other[] people[']s veracity?" (Objection at 6.) Yet while the juror in Dyer lied "materially and repeatedly," the juror in this case merely failed to disclose a summer internship she held during law school ten years prior. Dyer, 151 F.3d at 983. (See Post Trial Hearing Tr. at 3-6.) The Court of Appeals for the Ninth Circuit recognized in Dyer that "[t]he Supreme Court has held that an honest yet mistaken answer to voir dire questions rarely amounts to a constitutional violation; even an intentionally dishonest answer is not fatal, so long as the falsehood does not bespeak a lack of impartiality." Dyer, 151 F.3d at 973 (citing McDonough, 464 U.S. at 555-56).

Under the McDonough two-part test, Petitioner has failed to satisfy the first step by establishing that the juror provided a dishonest answer to the voir dire questions regarding either her employment or friends and family working in law enforcement. See McDonough, 464 U.S. at 556. The juror testified during the post-trial hearing that she had simply forgotten about her prior

9

internship, and the Court noted that there was no specific question posed during voir dire asking about her own past interactions with law enforcement or the District Attorney's office.  (See Post Trial Hearing Tr. at 3-6.)   Moreover, Petitioner's argument does not satisfy the second McDonough prong, as a juror's nondisclosure regarding her law school summer internship a decade before trial would not warrant a finding of actual or implied bias sufficient to challenge the juror for cause.  McDonough, 464 U.S. at 556.   Indeed, the juror explained during the post-trial hearing that she did not mention her internship with the District Attorney's Office merely because she did not believe it would be relevant given the decade that had passed since the internship concluded.  (See Post Trial Hearing Tr. at 5-6.)   In comparison to cases involving jurors who withhold information or lie during voir dire, this juror's nondisclosure does not rise to the level of impermissible partiality.  See United States v. Colombo, 869 F.2d 149, 151 (2d Cir. 1989) ("[J]uror in question deliberately failed to reveal that her brother-in-law was an attorney for the government and did so because she believed that revelation of that information might thwart her desire to sit on this case. [Those facts] . . . indicated an impermissible partiality on the juror's part.").  As such, Petitioner's second argument is unpersuasive.

Finally, Petitioner's third argument, that the juror's expression of personal feelings toward the trial prosecutor in a post-trial hearing made her an impartial juror, also fails.   In the post-trial hearing, the juror acknowledged that after the verdict was rendered she contacted the prosecutor about a position with the District Attorney's Office because she had personal feelings for him.   (Post Trial Hearing Tr. at 8-9, 11-12.)   Petitioner alleges that this disclosure demonstrates that she is unfit, as she may have developed these feelings during voir dire and intentionally withheld information about her internship in order to be selected.   (Objection at 5-6.) However, the Supreme Court has clarified that "due process does not require a new trial every time a juror has been placed in a potentially compromising situation." Smith, 455 U.S. at 217. "Due process means a jury capable and willing to decide the case solely on the evidence before it," as may be determined by a proper post-trial hearing.   Id.

This Court defers to the trial court's factual finding that the juror's conduct did not reflect bias or an inability to be impartial.   See 28 U.S.C. § 2254(e)(1); Rushen, 464 U.S. at 120. The juror testified that she had no contact with the district attorney's office since exchanging some occasional emails with a former supervisor following her internship in 1997, and she further affirmed her ability to be impartial.   (Post Trial

Hearing Tr. at 3-6, 8, 10-11).  Such conduct simply does not rise to the exceptional level that warrants a finding of implied bias.  See Smith, 455 U.S. at 222 (O'Connor, J., concurring). At the post-trial hearing and again in this habeas proceeding, Petitioner has been unable to prove actual bias or implied bias to overcome this Court's "presumption of correctness" for the trial court's findings.  28 U.S.C. § 2254(e)(1); see Rushen, 464 U.S. at 120.  The trial court found the juror's testimony concerning her impartiality to be credible, and Petitioner has offered no compelling reason to disturb the trial court's reasonable conclusion.  In light of the paucity of evidence to support Petitioner's assertion of juror bias, the Court finds his final objection unavailing.

## CONCLUSION

Having reviewed both the Report and Recommendation and Petitioner's Objection, and finding the Objection to be without merit and Magistrate Judge Ellis' analysis to be correct and appropriate upon de novo review, see FED. R. CIV. P. 72(b), the Report and Recommendation is hereby ADOPTED.  Accordingly, the Petition [dkt. no. 1] is DENIED, and the Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED.

Dated:     New York, New York
           September  2 , 2015

_____
LORETTA A. PRESKA
Chief United States District Judge